IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID TODD VINCENT and SUSAN T. VINCENT, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:17CV762 |
| WENDY SMITH VICK, NATIONWIDE MUTUAL INSURANCE COMPANY, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY and SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION, ORDER, and JUDGMENT**

LORETTA C. BIGGS, District Judge.

Plaintiffs initiated this action in the Superior Court of Alamance County, North Carolina, alleging four claims: (1) personal injury, (2) loss of consortium, (3) notice and demand for arbitration, and (4) a request for declaratory judgment. (ECF No. 5.) Defendant AMCO ("AMCO") Insurance Company, one of six Defendants in this case, removed the action to this Court pursuant to 28 U.S.C. § 1332.[1] (ECF No. 1.) AMCO filed its Answer in this Court, along with a counterclaim for a declaratory judgment. (ECF No. 8.) State Farm

---

[1] Defendant Wendy Smith Vick and both Plaintiffs are North Carolina residents. (ECF No. 5.) This would appear to defeat federal jurisdiction, however, the Court concludes that it has subject-matter jurisdiction for the same reasons articulated in *Bowers v. State Farm Mut. Auto. Ins. Co.*, No. 1:17CV825, 2017 WL 6389705 (M.D.N.C. Dec. 14, 2017).

Mutual Automobile Insurance Company ("State Farm") was granted leave to intervene in this lawsuit. (ECF Nos. 33; 36.) Before the Court are the following three motions: (1) Consent Motion of State Farm Mutual Automobile Insurance Company to Be Relieved, (ECF No. 34), of its duty to defend, (2) Plaintiffs' Motion for Judgment on the Pleadings, (ECF No. 37), and (3) Defendant AMCO Insurance Company's Motion for Judgment on the Pleadings, (ECF No. 41). For the reasons stated below, State Farm's motion will be granted, Plaintiffs' motion will be granted, and AMCO's motion will be denied.

I.  BACKGROUND

This action arises from a traffic accident between Plaintiff, David Todd Vincent ("Mr. Vincent") and Defendant Wendy Smith Vick ("Ms. Vick"). (*See* ECF No. 5 ¶¶ 19–31.) Plaintiffs allege that on October 17, 2016, Mr. Vincent was traveling west on U.S. 70 in Alamance County on his 2015 Harley Davidson motorcycle when he collided with Ms. Vick's vehicle. (*Id.* ¶¶ 19–25.) As a result of the collision, Mr. Vincent "sustained severe, life threatening injuries." (*Id.* ¶ 26.) Ms. Vick pleaded responsible to the traffic violation brought against her as a result of the collision. (ECF Nos. 38 at 4; 38-1 at 2; 38-3.) At the time of the accident, Ms. Vick was insured by State Farm, under a liability insurance policy with limits of $30,000 per person and $60,000 per occurrence. (ECF No. 34 ¶ 2.) Prior to the filing of this action by Plaintiffs, State Farm tendered the full amount of Ms. Vick's liability insurance policy to Mr. Vincent "in exchange for a limited release and covenant not to enforce judgment against" Ms. Vick. (*Id.*; *see* ECF No. 5 ¶ 44.)

In their Complaint, Plaintiffs allege that they have available to them underinsured motorist coverage ("UIM") pursuant to three separate insurance policies issued by Defendants

2

AMCO, SAFECO Insurance Company of America ("SAFECO"), and Allied Property and Casualty Insurance Company ("Allied"), respectively.[2] (ECF No. 5 ¶ 45.) AMCO issued a policy to Mr. Vincent's business, TSPC, LLC, which extended underinsured motorist coverage to Mr. Vincent pursuant to an endorsement. (*Id.* ¶¶ 55–57.) According to the Complaint, AMCO has disclaimed coverage under the policy for the accident on the ground that the insurance policy's owned-vehicle exclusion[3] barred coverage for Mr. Vincent's injuries because he was traveling in a vehicle that he personally owned at the time of the accident. (*Id.* ¶¶ 54, 60; *see* ECF No. 8-2 at 1.) Plaintiffs further allege that the SAFECO and Allied insurance policies may be stacked, "[h]owever, because AMCO has disclaimed coverage, neither SAFECO nor Allied knows how much money to tender in full and final satisfaction of [Mr. Vincent's] UIM claims against them." (ECF No. 5 ¶ 62.)

Plaintiffs request a declaratory judgment as to the rights and obligations of AMCO and SAFECO, as well as Defendants Nationwide Mutual Insurance Company and Defendant Liberty Mutual Insurance Company. (*Id.* at 8.) AMCO, in its counterclaim against Plaintiffs, similarly requests a declaratory judgment "concerning the rights, obligations and liabilities of the parties with respect to [Plaintiffs'] claim that they are entitled to UIM coverage under the policy of insurance issued by AMCO to TSPC, LLC." (ECF No. 8 at 13.) Plaintiffs and AMCO have both moved for judgment on the pleadings as to their respective claims for

---

[2] Allied is no longer a party to this action. (*See* ECF No. 47.)

[3] An owned-vehicle exclusion purports to deny underinsured motorist coverage to an insured injured while using a vehicle owned by the insured's family but not listed in the policy in question. *Nationwide Mut. Ins. Co. v. Mabe*, 444 S.E.2d 664, 670 (N.C. Ct. App. 1994), *aff'd*, 467 S.E.2d 34 (N.C. 1996).

3

declaratory judgment. (ECF Nos. 37; 41.) The Court will begin its discussion by considering these cross-motions.

## II. MOTIONS FOR JUDGMENT ON THE PLEADINGS

Plaintiffs state that they move for judgment on the pleadings on the ground that "Defendants have failed to contest relevant facts or put forward issues of relevant law which support their disclaiming of UIM coverage for Plaintiffs in light of North Carolina's public policy prohibition against the application of 'owned vehicle' exclusions to named insureds." (ECF No. 37 at 1.) Plaintiffs appear to bring their motion against all Defendants. (*See id.*) However, Plaintiffs only discuss their claim as against AMCO in the brief supporting their motion; Plaintiffs do not direct the Court to the insurance policies issued by the remaining Defendants; and only AMCO has responded to Plaintiffs' motion. AMCO is also the only Defendant who, according to the Complaint, disclaimed UIM coverage to Mr. Vincent. (*See* ECF No. 5 ¶ 60.) Thus, in considering Plaintiffs' motion, the Court will only determine whether Mr. Vincent is entitled to underinsured motorist coverage under the policy issued by AMCO to TSPC, LLC. Likewise, this is the sole issue raised by AMCO in its motion, and therefore both motions will turn on the resolution of this question.

### A. Legal Standard

A motion for judgment on the pleadings is brought pursuant to Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c). A court reviewing a motion for judgment on the pleadings applies the same standards that apply to motions brought pursuant to Rule 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A motion made under Rule 12(b)(6) challenges the legal sufficiency of a pleading, specifically whether the pleading satisfies

4

the standards set forth in Rule 8. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading will satisfy Rule 8(a)(2) only when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a motion for judgment on the pleadings, "a [district] court evaluates the complaint in its entirety, as well as documents attached [to] or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). A district court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Going "beyond these documents . . . converts the motion into one for summary judgment," and "[s]uch conversion is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448–49.

### B. Overview of North Carolina Insurance Law

Under North Carolina law, an insurance policy is a contract, and its terms govern the parties' rights and duties.[4] *Fid. Bankers Life Ins. Co. v. Dortch*, 348 S.E.2d 794, 796 (N.C. 1986).

---

[4] As a federal court sitting in diversity, this Court is bound to apply the conflict-of-laws rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). North Carolina applies the rule of *lex loci contractus*, which "mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation

5

Courts are to construe a policy's provisions with the goal of determining the parties' intent at the time the policy was issued. *Woods v. Nationwide Mut. Ins. Co.*, 246 S.E.2d 773, 777 (N.C. 1978). The party seeking benefits under the policy bears the burden of demonstrating coverage. *Fortune Ins. Co. v. Owens*, 526 S.E.2d 463, 467 (N.C. 2000). Interpretation of an insurance policy is a question of law for the court. *Allstate Ins. Co. v. Runyon Chatterton*, 518 S.E.2d 814, 816 (N.C. Ct. App. 1999). Where the terms of an insurance policy conflict with an applicable statute, the statute prevails. *Sutton v. Aetna Cas. & Sur. Co.*, 382 S.E.2d 759, 762 (N.C. 1989). In North Carolina, the provision of underinsured motorist coverage is regulated under the Motor Vehicle Safety and Financial Responsibility Act of 1953 (the "Financial Responsibility Act"), specifically N.C. Gen. Stat. § 20-279.21(b)(4). *Lunsford v. Mills*, 766 S.E.2d 297, 301 (N.C. 2014).

### C. AMCO Policy Terms

The AMCO policy issued to TSPC, LLC, extended underinsured motorist coverage to Mr. Vincent pursuant to an endorsement titled, "Drive Other Car Coverage – Broadened Coverage for Named Individuals" ("Broadened Coverage Endorsement"). (ECF No. 8-1 at 64.) The Broadened Coverage Endorsement explicitly amends the policy's underinsured motorist coverage as follows:

> **Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverages**
>
> The following is added to **Who Is An Insured:**

---

of the contract." *Fortune Ins. Co. v. Owens*, 526 S.E.2d 463, 466 (N.C. 2000). The parties agree that the AMCO insurance policy was issued to TSPC, LLC in North Carolina. (*See* ECF Nos. 5 ¶¶ 55–56; 42 at 6–7.) North Carolina substantive law therefore applies.

> Any individual named in the Schedule and his or her "family members" are "insureds" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:
>
> Any "auto" owned by that individual or by any "family member".

(*Id.* at 65.) Both Plaintiffs, Mr. and Mrs. Vincent, appear in the "Schedule" contained within the Broadened Coverage Endorsement. (*Id.* at 64.) The above language in the policy purporting to exclude coverage for circumstances where an insured is injured in a vehicle he owns is the owned-vehicle exclusion.

### D. Discussion

The plain language of the owned-vehicle exclusion would appear to yield the conclusion that Mr. Vincent is not entitled to UIM coverage under the AMCO policy. The Broadened Coverage Endorsement, including the owned-vehicle exclusion, purportedly extends UIM coverage to Plaintiffs for injuries suffered while occupying any "auto" that TSPC, LLC does not own, unless the "auto" is owned by Plaintiffs or any "family member." (*Id.* at 65.) The parties agree that Mr. Vincent personally owned the vehicle at issue here, the 2015 Harley Davidson motorcycle. (*See* ECF Nos. 5 ¶ 19; 42 at 12.) Therefore, Mr. Vincent would not be entitled to underinsured motorist coverage under the AMCO policy for his injuries suffered while using his motorcycle, unless, as Plaintiffs argue, the owned-vehicle exclusion is unenforceable under the Financial Responsibility Act.

The Financial Responsibility Act makes clear that underinsured motorist coverage in North Carolina is offered "for the protection of persons insured . . . who are legally entitled to recover damages from owners or operators of [underinsured] motor vehicles." N.C. Gen. Stat. § 20-279.21(b)(3); *see, e.g.*, *Smith v. Nationwide Mut. Ins. Co.*, 400 S.E.2d 44, 50 (N.C. 1991)

7

(observing that this provision is incorporated into subsection (b)(4), which regulates underinsured motorist coverage). The Act recognizes two classes of "persons insured." *See* N.C. Gen. Stat. § 20-279.21(b)(3); *see also id.* § 20-279.21(b)(4) (incorporating into subsection (b)(4) the definition of "persons insured" set forth in subsection (b)(3)). The first class includes "the named insured and, while resident of the same household, the spouse of the named insured and relatives of either," and the second class includes "any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle." *Smith*, 400 S.E.2d at 47 (quoting *Crowder v. N.C. Farm Bureau Mut. Ins. Co.*, 340 S.E.2d 127, 129–30 (N.C. Ct. App. 1986)). An owned-vehicle exclusion purporting to deny UIM coverage to a "person insured" of the first class violates the Act and is therefore invalid. *See, e.g.*, *Nationwide Mut. Ins. Co. v. Mabe*, 467 S.E.2d 34, 43 (N.C. 1996).

The North Carolina Supreme Court does not appear to have addressed this precise issue, but the North Carolina Court of Appeals has concluded that an individual is a "person insured" of the first class despite not being the "named insured" when the person has been added as an "insured" pursuant to an endorsement. *See Beddard v. McDaniel*, 645 S.E.2d 153, 155–56 (N.C. Ct. App. 2007) (Wynn, J.). In *Beddard*, a married couple, the Beddards, sought a declaratory judgment that they were entitled to underinsured motorist coverage pursuant to an insurance policy issued to a business that contained an owned-vehicle exclusion. *Id.* at 154. The policy's UIM coverage defined "an insured" as any individual "designated on the declarations as subject to this endorsement." *Id.* The Beddards were added as "Designated Individuals" named on the Elective Options Form for UIM coverage. *Id.* The Court of Appeals held that the owned-vehicle exclusion could not apply to bar the married couple from

8

receiving UIM coverage because the exclusion violated the Financial Responsibility Act. *Id.* at 155–56. Specifically, the court stated: "The Beddards were named as 'designated individuals' on the Elective Options Form for UIM coverage; as such, and as conceded by Universal Insurance in its brief, they qualify . . . as 'named insureds' for . . . UIM [c]overage." *Id.* at 155.

This Court can discern no meaningful distinction between the facts at issue in *Beddard* and the facts of the case at bar.[5] As in *Beddard*, Mr. Vincent seeks underinsured motorist coverage pursuant to an automobile insurance policy issued to a business. As in *Beddard*, Mr. Vincent is added as an "insured" for UIM coverage purposes pursuant to an endorsement to the policy. As in *Beddard*, the insurance policy in this case contains an owned-vehicle exclusion that purports to deny coverage to Mr. Vincent. This Court therefore concludes that the owned-vehicle exclusion cannot apply to bar Mr. Vincent from receiving UIM coverage. Mr. Vincent is a "person insured" of the first class, as contemplated in the Financial Responsibility Act, because the Broadened Coverage Endorsement recognizes him as an "insured" entitled to UIM coverage. *See id.* at 155–56. Because Mr. Vincent is a "person insured" of the first class, the Financial Responsibility Act bars the owned-vehicle exclusion from denying him underinsured motorist coverage in this case. *See id.*

AMCO argues that the Financial Responsibility Act does not bar the operation of the owned-vehicle exclusion in this case because subsection (b)(4) exempts from its requirements

---

[5] AMCO argues that *Beddard* is inapposite because the defendant in that case conceded that the injured plaintiff was a "named insured." (ECF No. 44 at 9–10.) While the defendant did so concede, the Court of Appeals' ruling did not turn on that concession. *Beddard*, 645 S.E.2d at 155 ("The Beddards were named as 'designated individuals' on the Elective Options Form for UIM coverage; *as such, and* as conceded by Universal Insurance in its brief, they qualify as . . . 'named insureds' for . . . UIM [c]overage." (emphasis added)).

9

any insurance policy applicable solely to fleet vehicles. (ECF Nos. 42 at 13; 44 at 3–5.) AMCO appears to correctly argue that a policy applicable solely to fleet vehicles is exempt from the Act's regulation of underinsured motorist coverage. *See* § 20-279.21(b)(4) ("Notwithstanding the provisions of this subsection, no policy of motor vehicle liability insurance . . . applicable solely to fleet vehicles shall be required to provide underinsured motorist coverage."); *see also Sproles v. Greene*, 407 S.E.2d 497, 503 (N.C. 1991) ("When coverage provided in the policy is in addition to the mandatory statutory requirements, the additional coverage is not subject to the . . . Financial Responsibility Act."). However, the Court cannot agree with AMCO that this "fleet" policy exemption applies in this case since the AMCO policy at issue here is not applicable *solely* to fleet vehicles.

The AMCO policy does not "apply solely to fleet vehicles" because the Broadened Coverage Endorsement extends coverage to Mr. and Mrs. Vincent when they are driving any vehicle at all including but not limited to fleet vehicles. The parties disagree as to the meaning of "fleet" as used in subsection (b)(4) of the Act. AMCO argues that a "fleet" policy is one that insures more than four vehicles, and it cites as support a statutory definition of a "nonfleet" vehicle as one of four or fewer motor vehicles. (ECF No. 44 at 3–5.) Thus, according to AMCO, a solely "fleet" policy is one that insures five or more vehicles. (*Id.* at 4.) Plaintiffs, on the other hand, argue that a solely "fleet" policy is one that insures only commercial vehicles. (ECF No. 46 at 8–9.) Irrespective of the parties' arguments on this issue, according to the unambiguous language of the statutory provision, a policy "applicable solely to fleet vehicles" must only insure vehicles that are part of a "fleet." *See Hlasnick v. Federated Mut. Ins. Co.*, 539 S.E.2d 274, 276–77 (N.C. 2000) ("[W]here the language of a statute

is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and *limitations* not contained therein." (quoting *State v. Camp*, 209 S.E.2d 754, 756 (N.C. 1974))). Rather than only insuring vehicles that are part of a fleet, the AMCO policy, under the Broadened Coverage Endorsement, purports to extend coverage to Mr. and Mrs. Vincent when they are driving any vehicle at all, so long as the vehicle is not owned by the Vincents. Therefore, this Court is unable to conclude that the AMCO policy is "a policy applicable solely to fleet vehicles."

The Court finds unavailing AMCO's remaining arguments in favor of the application of the owned-vehicle exclusion. AMCO argues that the exclusion applies because Plaintiffs are "persons insured" of the second class, citing as support *Brown v. Truck Ins. Exch.*, 404 S.E.2d 172 (N.C. Ct. App. 1991). (*See* ECF No. 44 at 11–12.) In *Brown*, the Court of Appeals held that a claimant was not entitled to underinsured motorist coverage pursuant to a business automobile policy. *Brown*, 404 S.E.2d at 175. Notably, the policy at issue contained an endorsement that extended the claimant bodily injury liability and property damage liability insurance to the same extent as the named insured for any vehicle hired by the named insured, "provided the actual use of the automobile [wa]s in the business of the named insured." *Id.* at 173–74. However, *Brown* can be easily distinguished. Unlike the instant case, the claimant in *Brown* was not himself listed as an "insured" in the policy at issue. *See id.* Rather, the insurance extended to him appears to have been tied to his use of specific vehicles, as would be the case for any "person insured" of the second class. *See id.* The Court also finds unavailing AMCO's reliance on *Sproles v. Greene*, 407 S.E.2d 497 (N.C. 1991). In *Sproles*, the claimants at issue were

11

employees seeking coverage under a business's automobile insurance policy, but unlike the instant case, the employees were not listed as "insureds" under the policy. *Sproles*, 407 S.E.2d at 499–500. This distinction renders *Sproles* inapposite.

For the above stated reasons, the Court concludes that Mr. Vincent is entitled to underinsured motorist coverage under the policy issued by AMCO to TSPC, LLC. Accordingly, the Court will grant Plaintiffs' Motion for Judgment on the Pleadings and deny the motion brought by AMCO.

### III. CONSENT MOTION OF STATE FARM

State Farm moves for an order relieving it of any further duty to defend Ms. Vick pursuant to N.C. Gen. Stat. § 20-279.21, on the ground that State Farm has "tendered its policy limits to the Plaintiff . . . and confirmed that any and all underinsured motorist [coverage] carriers have waived any and all subrogation rights." (ECF No. 34 at 1.) No party has filed a response to State Farm's motion. Section 20-279.21(b)(4) provides that "any insurer providing primary liability insurance on the underinsured highway vehicle may upon payment of all of its applicable limits of liability be released from further liability or obligation to participate in the defense of such proceeding." N.C. Gen. Stat. § 20-279.21(b)(4). However, a court may not approve any such application unless the court is "persuaded that the owner . . . of the underinsured highway vehicle against whom a claim has been made has been apprised of the nature of the proceeding and given his right to select counsel of his own choice to appear in the action on his separate behalf." *Id.* In this case, State Farm has tendered the limits of its liability policy to Mr. Vincent, and it has apprised Ms. Vick of the nature of the

proceeding and her right to retain counsel of her choice. (ECF No. 33-1.) For these reasons, the Court will relieve State Farm of any further duty to defend Ms. Vick.

For the reasons outlined herein, the Court enters the following:

## ORDER AND JUDGMENT

**IT IS THEREFORE ORDERED** that the Consent Motion of State Farm Mutual Automobile Insurance Company to Be Relieved, (ECF No. 34), is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' Motion for Judgment on the Pleadings, (ECF No. 37), is **GRANTED**. This Court hereby declares that the owned-vehicle exclusion contained in the "Drive Other Car Coverage – Broadened Coverage for Named Individuals" Endorsement of the AMCO policy issued to TSPC, LLC violates the North Carolina Motor Vehicle Safety and Financial Responsibility Act of 1953, N.C. Gen. Stat. § 20-279.21(b)(4), as applied to Mr. Vincent, and is therefore invalid.

**IT IS FURTHER ORDERED** that AMCO's Motion for Judgment on the Pleadings, (ECF No. 41), is **DENIED**.

This, the 10th day of August, 2018.

/s/ Loretta C. Biggs
United States District Judge